Mr. Justice Sharkey
delivered the opinion of the court.
Harney, on the 19th of April, 1842, recovered a judgment *251 against William S. Parham, Willis M. Gibson, Michael Wall and James M. Wall, and sued out a writ of fieri facias, which was levied on certain slaves as the property of Michael Wall. The slaves were claimed, according to the provisions of the statute, by Pack and Clifton, who gave bond to try the right. On the trial of the issue, the plaintiff in execution introduced his judgment and execution, and proved by a witness that the slaves were in possession of Michael Wall at the time of the levy, and here rested his case. To rebut the prim,a facie case made out by the plaintiff, the claimants introduced a deed of trust, as the foundation of their title, made to them as trustees, by Michael Wall, anterior to the date of the judgment; by which he conveyed a quantity of land, a considerable number of slaves, including those levied on; his stock of horses and cattle; a quantity of household and kitchen furniture, and the crops of cotton thereafter to be grown. The history of this deed of trust, as gathered from the recitals and other evidence, seems to be in substance this: Some four or five years before it was executed, Wall had become guardian to’the infant daughter of one Birdsong, then about four years of age, and he was also .executor of Birdsong’s will. He received a considerable amount of property, and executed bond with James M. Wall and William S. Parham as sureties, in the penalty of eighty thousand dollars. He was also appointed executor of the will of George Wyche, and guardian to his children; and for the faithful discharge of this trust, he executed another bond with J. M. Wall and Parham as sureties. To indemnify and save harmless the two sureties, Wall and Parham, the conveyance in trust was made, giving power to the trustees to sell, if it became necessary. But of the crops of cotton to be raised, the necessary expenses of planting, gathering and selling the same, were to be first deducted, and the net proceeds paid into the probate court. The deed contains a clause reserving the right of possession to the grantor. The plaintiff objected to the introduction of the deed, but the deed was admitted. The defendants or claimants next introduced the copy of a mortgage of most of the land conveyed in the deed of trust, to the Real Estate Bank of Hinds county, *252 bearing date 3d of July, 1838, which was executed by Michael Wall. They also read the transcript of a judgment confessed by M. Wall and William S. Parham on the 23d of December, 1839, in favor of James Ford, for $8218, under which a Ji. 'fa. issued, and part of the land and sixteen of the slaves conveyed in the deed of trust, were sold on the first of November, 1841. Another judgment in favor of the Railroad Bank, against M. Wall and others, rendered on the 16th of April, 1840, for $2366. Proof was also introduced in reference to the amount of inventories of property, which had come to Wall’s hands in his fiduciary capacities, and also in reference to his liabilities thereon at the time of trial, by which it appeared to be a sum greatly less than the amount of his bond. Under the charges of the court, the jury found a verdict for the claimants, and the plaintiif in execution has appealed to this court, having taken exceptions to the refusal of the court to grant certain charges, and to the granting of certain others on the part of the claimants.
It is deemed unnecessary to undertake an investigation of all the points raised, either by the charges refused, or those which • were given. The most important are selected for comment. The plaintiif in execution requested the court to instruct the jury, that as against a creditor the deed of trust was not sufficient on its face to protect the property from the execution. If the deed was void on its face, it presented a question of law, and it was competent for the court to declare it invalid. In the case of Hyslop & Campbell v. Clark, 14 Johns. R. 458, an assignment for the benefit of creditors, was held void in law, because of the restrictions imposed on some of the creditors, and the benefits secured to the grantor. And in the case of Harris v. Sumner, 2 Pick. 129, a deed of assignment which preferred certain creditors, was held void, because the grantor had reserved a sum of money for himself. Both of these cases established the principle, that an assignment for the benefit of creditors, preferring some to others, which secures a lasting and material benefit to the grantor, is void in law. The objection to the validity of this deed, as being void on its face, is one of great force. It was made long after the responsibility was in *253 curred; it conveys all the household and kitchen furniture of the grantor, his horses and mules, and all his farming utensils, together with the crops of cotton to be afterwards raised, with a reservation of possession. It is manifest that a portion of the property thus conveyed must be consumed by the use of it, and this circumstance is sometimes regarded as making the conveyance void on its face. 4 Yerg. R. 541. This conveyance was made to indemnify sureties, whose liability was remote, and depended on a mere contingency, and there was no proof introduced to show any act from which an actual present liability could have arisen. Strong as these circumstances may seem, I am disposed to regard them, in this instance, only as badges of fraud, and being such, the court could not properly have declared the deed void on its face.
At the request of the claimants the court charged the jury, that if the deed was made with intent to hinder, delay, and defraud creditors by the grantor, yet his intention cannot invalidate the deed. “ To render it void it is necessary that the trustees or cestui que trust should participate in the fraudulent design.” In giving this instruction the court announced the general proposition, that a deed of trust is valid unless the trustee or cestui que tnisl has participated in the fraudulent design of the grantor, which is believed to be a mistaken notion of the law, by which the jury may have been misled. It is believed that a deed of trust, designed to defraud creditors, may be void, although neither the trustee nor the cestui que trust knew anything of the design or object of the grantor. That deeds of trust so executed may also be valid is no doubt equally true.
This question must depend upon the construction of the statute of frauds and perjuries in its application to such instruments as this deed. By the second section every gift, grant, or conveyance of lands, or of goods and chattels, contrived or made with malice, fraud, covin or collusion, with intent to hinder, delay or defraud creditors, or -to defraud or deceive those who shall purchase, is declared void. The third section provides that the act shall not extend to any estate in lands, *254 goods or chattels, which shall be upon good consideration and bona fide, lawfully conveyed to any person or body politic. This statute embraces in substance the provisions of the 13th and 27th of Elizabeth, which have received a settled construction, protecting bona fide purchasers for a Valuable consideration, and the same construction has been given to similar statutes in most, or perhaps all, of the States of the Union ; and it is immaterial, says Chancellor Kent, whether he purchases from a fraudulent grantor, or a fraudulent grantee; and there is no difference between a deed to defraud creditors, and one to defraud subsequent purchasers. 4 Kent’s Com. 5th ed. 464. This construction has been given in reference to absolute conveyances, and when we are called on to apply our statute to such a conveyance, we may adopt the same rule.
There is certainly a very just distinction between an absolute conveyance, and a deed of trust, the latter being but a security for the payment of a debt, whilst by the former, the entire estate passes. The legal title, it is true, is said to vest in the trustee, but it does so subject to a condition or a defeasance. These instruments have come into very general use in this state in the place of mortgages. Elsewhere they do not seem to be so generally used, hence there are but few adjudged cases, except those which have taken place on absolute assignments in trust for the benefit of creditors. As a security taken at the time of contracting a debt, they may be useful and valid, and may be entitled to be regarded as coming within the proviso of the statute; but when they are executed to secure the payment of a preexisting debt, or to indemnify against loss on account of a preexisting responsibility, other principles must be kept in view. The effect of such an instrument, and its object, may then be to give a preference to one creditor over others ; and whether this can be validly done under any or all circumstances, becomes the important question. This deed was given for the indemnity of the sureties of the grantor, on account of a preexisting liability, the actual liability depending on a mere contingency.
It is not to be doubted that a debtor may, by assignment, *255 give a preference to one creditor, or to one class of creditors. It is often morally right that he should do so. But his motive must be dictated by a moral'sense. If the act is conceived and perpetrated in fraud, it becomes vicious. It is true that every preference tends to hinder or delay other creditors, but this is the mere consequence of a pure purpose. But when the conveyance originated in a scheme of designed fraud, it comes within the condemnatory provisions of the statute, and is void. Chancellor Kent, in commenting on the right of a debtor to prefer creditors, said, “ It is altogether a question of intention, and if that be free from fraud, the assignment is not void within the statute.” Hendricks v. Robinson, 2 John. Ch. R. 283. The same principle was recognized in the case of Estwick v. Cailland, 5 Term Rep., and by Lord Ellenborough, when he said that it was not every conveyance that might have the effect 'to hinder and delay creditors that is fraudulent within the statute, but it must be devised of malice and fraud to bring it within the statute. Cited 2 Johns. Ch. R. 308. And again in the case of Nicoll v. Mumford, 4 Johns. Ch. R. 522, it was held that such assignments must be bona fide, and referable to an act of duty on the part of the debtor. The case of Hyslop and Campbell v. Clark, before referred to, is decided on the same principle. That was an assignment for the benefit of creditors, giving a preference to some, and exacting a condition from others who should claim under the assignment, on which account it was held void. It was not pretended that the preferred creditors had participated in the fraud; their claim was undoubtedly just, and they had done no act from which a fraudulent design could be imputed to them. The case of Harris v. Sumner, 2 Pick. R. 129, was also on an assignment giving a preference amongst creditors. The grantor reserved a certain sum of money to himself, on which account the assignment was held void, although the preferred creditors had not participated in the fraudulent' design, in any other way than by being a party to the instrument, which was not in fact signed by them until after the attachment was made. It was insisted that the question of fraud was one of fact, and ought to be left *256 to the jury, and the court admitted that this would be proper where the fraud did not appear on the face of the instrument. These two last cases must settle beyond question that a deed of trust which prefers creditors may be void for fraud in law, although the creditors may be innocent of any fraudulent intent. And if such a deed may be fraudulent in law, why may it not be in fact? Reference to a few legal principles will show that it may be so. I apprehend that it will not be pretended that the trustee must know of the fraud, or participate in the design. The trustee is often a party without any consideration : a mere third person interposed to fill the legal requisites of a deed of trust, often without any participancy in the design, or knowledge of the intention of the grantor, as doubtless were the trustees in this instance, even if the grantor contemplated fraud, which is not a question for us to determine. The cestui que trust is the person beneficially interested, and clearly,, if he participate in the fraud, the deed is void, although the trustee be innocent. On the other hand, if the innocence of the cestui que trust must in all cases make the deed valid, it is difficult to say that it would be void for the fraud of the grantor and trustee. If the jaw will in all cases protect an innocent person, will it not protect him notwithstanding the grantor and trustee may both have participated in the fraud ? He is the party beneficially interested, and yet I apprehend that it would not be seriously contended that a deed made by a fraudulent grantor to a fraudulent trustee was valid. Still in such a case the cestui que trust, being the party whose debt was the consideration, if all deeds are within the proviso of the statute, might claim his protection. If a deed so made would not be valid, it seems to follow that the innocence of the cestui que trust does not necessarily make the conveyance valid. But, further to illustrate the principle I contend for: the creditor may be ignorant that his debt has been secured by deed of trust. It may be made in favor of an absent creditor. This point was settled by Chief Justice Marshall, in the case of Brooks v. Marbury, 11 Wheaton; and again in the case of Nicoll v. Mumford, above cited. In such a case the grantor might create *257 secret trusts in his own favor, by conveying to the use of others, and the deed would be valid becáuse of its provision in favor of the bona fide creditor; for part cannot be rejected and another part retained. If a deed is void as to part, it is void as to the whole. In this way it is easy to perceiv'e how a debtor may lock up his property, or the greater part of it, in defiance of his creditors. A deed disclosing such a purpose, would undoubtedly be declared void on its face, but they may be so framed as to keep the deformity out of view; in which case it becomes necessary that a jury should find the fact; and when the fact is found by a jury, the law condemns it, just as it does when it appears on the face of the deed. I am thus led to the conclusion that the proposition laid down by the court in the charge was too broad, and that a deed of trust made to secure an antecedent debt, may be void,' although neither the trustee nor the cestui que trust, participated in the fraudulent intent. The statute protects a bona fide purchaser because he parts with his money under a belief that he is getting a title uncontaminated by fraud ; but the creditor parts with nothing. The giving of the deed of trust does not extinguish his debt, nor did he contract on the faith of such a security. He is not a purchaser, nor does he part with his money for an interest in the land. But his situation is that of a mere creditor, and he is not entitled to have his debt preferred, when such preference is given with a design to defraud other creditors. If such be its purpose it is void under the statute of frauds.
The judgment must be reversed and the cause remanded.